FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 14 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RODNEY KEITH WRIGHT,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-898 (CBA)

**AMON, United States District Judge:**

On May 11, 2017, the Court entered a Memorandum & Order ("M&O") in the instant action, granting the Commissioner of Social Security's ("Commissioner's") motion for remand for further development of the administrative record and a new hearing. In the M&O, the Court also denied pro se petitioner Rodney Wright's ("Wright's") request for an order requiring expedited review of his petition on remand. In his initial request, Wright contended that an expedited review was warranted in accordance with the Commissioner's policy regarding veterans that have a United States Department of Veterans Affairs ("VA") compensation rating of 100% permanent and total disability ("P&T"). But the administrative record demonstrated that, even if the Commissioner's policy guarantees a 10-day expedited review for individuals who qualify as 100% P&T, the VA determined Wright's combined disability rating to be only 70% P&T, below the requirement for such review. (See D.E. # 26 at 6–7.)

Eight days later, on May 19, 2017, Wright filed a memorandum of law in support of a motion for reconsideration. (D.E. # 28.) But he never filed that motion. In light of Wright's pro se status, the Court construes the memorandum as the timely filed reconsideration motion. See, e.g., Sanders v. Ocean Cty. Bd. of Freeholders, No. 16-CV-5380 (MAS), 2017 WL 3139833, at *1 (D.N.J. July 24, 2017); Driessen v. Royal Bank Int'l, No. 3:14-CV-1300 (VAB), 2015 WL

1

881205, at *1 (D. Conn. Mar. 2, 2015); Schulz v. Pataki, 137 F. Supp. 2d 80, 81 n.1 (N.D.N.Y. 2001). On August 9, 2017, Wright faxed the Court a letter motion requesting expedited review of the reconsideration motion. (D.E. # 32.) The next day, before the Court could issue a decision on the motions for reconsideration and expedited review, Wright filed a Notice of Appeal. (D.E. # 33.) Finally, because he was concerned that he had filed the Notice late, Wright simultaneously filed a motion to extend the time for filing it. (D.E. # 34.)

Before the Court are the motions for reconsideration, expedited review, and extension of time to file the Notice of Appeal. For the following reasons, the Court (1) denies as moot Wright's extension motion, (2) denies his reconsideration motion, and (3) denies as moot his motion for expedited review.

## DISCUSSION

At the onset, the Court notes that Wright's Notice of Appeal "does not divest" this Court "of jurisdiction to decide" the motion for reconsideration. See Hodge ex rel. Skiff v. Hodge, 269 F.3d 155, 157 n.4 (2d Cir. 2001) (per curiam); see also Fed. R. App. P. 4(a)(4)(A). The Court of Appeals holds the notice in abeyance until this Court decides the reconsideration motion, "at which point the notice of appeal becomes effective." Hodge, 269 F.3d at 157 n.4; see also Fed. R. App. P. 4(a)(4)(B).

Generally, a litigant suing the Commissioner has 60 days after entry of the Court's judgment to file a Notice of Appeal. Fed. R. App. P. 4(a)(1)(B)(iii). But as stated above, Wright timely filed his construed motion for reconsideration. Therefore, the time for Wright to file his Notice does not start to run until the Court decides the construed motion. Id. 4(a)(4)(A). Because his early Notice of Appeal becomes effective on the day the Court issues its reconsideration decision, the Notice necessarily is timely. See, e.g., New Windsor Volunteer Ambulance Corp. v.

Meyers, 442 F.3d 101, 120 (2d Cir. 2006). Because Wright's Notice of Appeal is timely, the Court denies as moot his extension motion. See, e.g., Cohen v. Empire Blue Cross & Blue Shield, 176 F.3d 35, 39 (2d Cir. 1999); Mallery v. NBC Universal, Inc., No. 07-CV-2250 (DLC), 2008 WL 474159, at *1 (S.D.N.Y. Feb. 21, 2008).[1]

The Court next turns to the merits. Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked ... that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Moreover, "a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing Shrader, 70 F.3d at 257). These standards should be "narrowly construe[d] and strictly appl[ied]." DeMartino v. Kruger, No. 09-CV-119 (NGO), 2011 WL 2728290, at *1 (E.D.N.Y. July 11, 2011). Ultimately, "[t]he determination of whether to 'grant or deny a motion for reconsideration lies squarely within the discretion of the district court.'" Archer v. TNT USA, Inc., 12 F. Supp. 3d 373, 376 (E.D.N.Y. 2014) (quoting Murphy v. First Reliance Standard Life Ins. Co., No. 08-CV-3603 (DRH), 2010 WL 2243356, at *3 (E.D.N.Y. June 1, 2010)).

---

[1] Although Wright's August 10, 2017, Notice appealing the Court's May 11, 2017, M&O is timely filed and therefore vests jurisdiction in the Second Circuit to review that original decision, the Notice does not permit the Court of Appeals to review today's Memorandum & Order, which denies his motion for reconsideration. See Villalobos v. N.Y. State Div. of Parole, 475 F. App'x 400, 401 (2d Cir. 2012). If Wright wishes to seek appellate review of today's decision, he must file a separate Notice of Appeal within 60 days after today. See id.; see also Fed. R. App. P. 4(a)(1)(B)(iii), 4(a)(4)(B)(ii).

3

Wright argues that the Court overlooked evidence from the VA. According to him, the evidence shows that he was deemed 100% P&T, contrary to the Court's finding in the M&O. In support, Wright submits to the Court a VA letter dated May 16, 2017. But parties ordinarily are prohibited from relying on new evidence in a motion for reconsideration. See Davidson, 172 F. Supp. 2d at 461–62. In any event, the letter fails to support Wright's position. The letter simply restates facts already before this Court—i.e., that Wright was "paid at the 100% rate due to Individual Unemployability." Contrary to his assertions and consistent with the M&O, a finding that a disability-benefits claimant qualifies for the benefit known as "total disability on the basis of individual unemployability" ("TDIU") is not equivalent to a finding that the claimant is 100% P&T. Indeed, TDIU is a disability claim in which veterans request to be paid at a 100% rate because, even though their disabilities do not amount to a combined 100% rate, they cannot maintain "substantially gainful" employment. See 38 C.F.R. § 4.16 ("Total disability ratings for compensation may be assigned, where the scheduler rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities . . . ." (emphasis added)). Therefore, the fact that the record contains evidence that Wright may be paid at the 100% rate "due to Individual Unemployability," or "TDIU," does not undermine the Court's conclusion that the record demonstrates his disability rating to be only 70% P&T. Accordingly, Wright has failed to show that the Court "overlooked" any controlling authority or data affecting the M&O. The Court denies the reconsideration motion, and his motion to expedite review is deemed moot, see Contant v. City of N.Y., No. 09-CV-2851 (WFK), 2012 WL 1165623, at *1 (E.D.N.Y. Apr. 9, 2012).

## CONCLUSION

The Court DENIES as MOOT Wright's motion to extend the time to file a Notice of Appeal. The Court also DENIES his motion for reconsideration of the Court's M&O. Finally, the Court DENIES as MOOT his motion to expedite review of the reconsideration motion.

SO ORDERED.

Dated: August 14, 2017
      Brooklyn, New York

/S/ Judge Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge